UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>    Plaintiff,<br><br>v.<br><br>THE HARRY S. TRUMAN SCHOLARSHIP FOUNDATION, et al.,<br><br>    Defendants. | Case No. 20-cv-04058-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C § 1915**<br><br>Re: Dkt. No. 1 |

This matter involves discrimination claims arising from Plaintiff's 2019 finalist interview for the Harry S. Truman Scholarship. Plaintiff Brendan Schultz ("Plaintiff"), proceeding *in forma pauperis*, filed the instant complaint against the Harry S. Truman Scholarship Foundation (the "Foundation"); Terry Babcock-Lumish, the Foundation's current Executive Secretary; Andrew Rich, the Foundation's former Executive Secretary; Tara Yglesias, the Foundation's Deputy Executive Secretary; Westbrook Murphy, the Foundation's General Counsel; Brooks Allen, Secretary of the 2019 Truman Scholarship San Francisco Regional Review Panel; and Kevin Higgins, Chair of the 2019 Truman Scholarship San Francisco Regional Review Panel (collectively, "Defendants"). The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 4.) The Court must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8, pursuant to 28 U.S.C. § 1915(e)(2) the Court gives Plaintiff the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

As a third-year undergraduate student, Plaintiff sought nomination from his undergraduate institution for the Harry S. Truman Scholarship (the "Scholarship"), a scholarship program administered by the Harry S. Truman Scholarship Foundation. Plaintiff has led youth

development programs in Southeastern Europe, and received numerous internships, grants, and awards for his work in international development. Nominated by his undergraduate institution, Plaintiff applied for the Scholarship and advanced as a finalist. On March 18, 2019, he interviewed with the Foundation's Regional Review Panel in San Francisco, California.

The complaint alleges that, during Plaintiff's finalist interview, he was asked inappropriate and hostile questions regarding the historical persecution of Jewish people and Plaintiff's identity as a Jewish American. Plaintiff alleges that Mr. Higgins asked Plaintiff: "Do you think that Jews are oppressed?" and "Are Jews oppressed as racial minorities in the United States?". (Dkt. No. 1 at 6.) Upon hearing Plaintiff's reply to a question regarding his interest in running for elected office, Mr. Allen is alleged to have broken into a discernable laugh. Plaintiff avers that another Jewish finalist was asked by Mr. Higgins to compare the "oppression of Jews in America to Black Americans[,]" and that no other finalist was asked to defend "the traumatic communal experiences of their ethic group[.]" (Dkt. No. 1 at 7.)

Plaintiff did not receive a Scholarship from the Foundation. Believing he faced discrimination in the deliberation process on the basis of his ethnic identity, Plaintiff contacted Ms. Yglesias, who investigated Plaintiff's interview. Ms. Yglesias reported that Plaintiff's interview was "generally positive," but that she lacked sufficient information to conduct an in-depth investigation. Plaintiff later contacted Dr. Babcock-Lumish regarding his interview and Ms. Yglesias's investigation; Dr. Babcock-Lumish then began a second investigation into Plaintiff's interview. On August 14, 2019, Dr. Babcock-Lumish e-mailed Plaintiff, stating that some interview panelists posed "irreveren[t]" questions, described Plaintiff as "well qualified" for the Scholarship, but noted that other applicants were better fit for the Foundation and Scholarship. (Dkt. No. 1 at 11.) Plaintiff responded that the results of this second investigation posed concerns regarding the Foundation's grievance procedure, to which Dr. Babcock-Lumish replied that the Foundation's general counsel would assume work on Plaintiff's grievance.

Dissatisfied, Plaintiff contacted numerous agencies and his Congressional representative to file a complaint against the Foundation. On February 24, 2020, Plaintiff contacted Dr. Babcock-Lumish for information regarding the third investigation conducted by the Foundation's general

1  counsel, but Dr. Babcock-Lumish did not provide Plaintiff with the contact information for the
2  Foundation's general counsel or other requested documents relating to the Foundation's
3  investigative processes.  On May 1, 2020, Mr. Murphy, the Foundation's legal counsel, e-mailed
4  Plaintiff, concluding that the Foundation's belief in nondiscrimination "ma[de] it highly unlikely
5  that the [Plaintiff's] unsatisfactory interview experience resulted from personal animus by the
6  interviewers."  (Dkt. No. 1 at 16.)

7        The complaint alleges violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §
8  2000d ("Title VI") and Plaintiff's Fifth Amendment rights.  Plaintiff seeks compensatory and
9  punitive damages, as well as permanent injunctions "order[ing] the [Foundation] to establish a
10 documented civil rights grievance and redress procedure," mandating all future Scholarship
11 interview panelists undergo "unconscious bias training" before serving on any Regional Review
12 Panel, and preventing Mr. Higgins and Mr. Allen from "serving on any future [Scholarship]
13 [R]egional [R]eview [P]anel," or being otherwise involved in the Scholarship selection process.
14 (Dkt. No. 1 at 21.)

## LEGAL STANDARD

16       A court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it
17 is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28
18 U.S.C. § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rules of Civil
19 Procedure 12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2);
20 *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must
21 allege facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550
22 U.S. 544, 555–57 (2007).  A complaint must also comply with Federal Rule of Civil Procedure 8,
23 which requires the complaint to contain "a short and plain statement of the claim showing that the
24 pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-
25 CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  While a court must construe
26 a pro se plaintiff's complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it
27 may not add to the factual allegations in the complaint, *see Pena v. Garnder*, 976 F.2d 469, 471
28 (9th Cir. 1992).  Litigants unrepresented by counsel remain bound by the Federal Rules and Local

Rules of this District. *See* Civil L.R. 3-9(a).

**DISCUSSION**

"While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff's complaint does not comply with Rule 8. Preliminarily, the complaint's "Claims" section fails to separate Plaintiff's claims. Plaintiff's claim under Title VI quotes the Foundation's "[E]qual [O]pportunity [S]tatement" and the text of Title VI, but at no point in Plaintiff's discussion of Title VI does he allege which of Defendants' specific acts violated his rights under the statute. *See Medina Chiprez*, 2020 WL 4284825, at *3. In fact, Plaintiff makes no mention of Defendants in this claim after quoting the Foundation's statement; instead, Plaintiff argues that "Ethnic Jewishness" is a protected class under Title VI, and that the statute creates an "implied statutory cause of action." (Dkt. No. 1 at 18.) Offering legal argumentation alone fails to satisfy Rule 8's requirements, and mention of "antisemitic discrimination" does not provide Defendants with sufficient notice of the grounds upon which Plaintiff's Title VI claim rests. *See Coleman*, 2015 WL 395662, at *4. Furthermore, Plaintiff does not specify which—or if any— Defendants are liable under his Title VI claim, only that the "Foundation is bound to the policies that it creates and publishes publicly." (Dkt. No. 1 at 18.) Because Plaintiff has not pleaded facts to give Defendants notice of any specific acts upon which liability could plausibly be established as to each Defendant, the complaint violates Rule 8's requirements. Therefore, his Title VI claim cannot proceed as pleaded.

Plaintiff's claim for "a violation of one's constitutional rights" is improperly pleaded under Rule 8 for the same reason. (Dkt. No. 1 at 19). Plaintiff states: "Antisemitic discrimination by a

federal agency in the selection of one of their programs is an unequivocal violation of one's fifth amendment rights." (*Id.* at 20.) This broad statement fails to place any defendant on notice of what specific conduct of that particular defendant was allegedly anti-Semitic and discriminatory. It does not specify whether the "federal agency" is the Foundation, or the extent to which other defendants engaged in the alleged discriminatory conduct during the undefined "program[.]" (*Id.*) Where the Court cannot readily determine all of the injuries for which each defendant is allegedly liable, a complaint is defective under Rule 8. *See Coleman*, 2015 WL 395662, at *4. On this basis Plaintiff's second claim under the Fifth Amendment fails under Rule 12(b)(6).

## CONCLUSION

For these reasons described above, the Complaint as pleaded does not comply with Rule 8. Plaintiff is given 30 days to file an amended complaint. In doing so, Plaintiff should: set forth the complaint's allegations in separate numbered paragraphs and set forth each claim in a separate numbered paragraph; identify each defendant and the specific action or actions that each defendant took, or failed to take, that allegedly violated Plaintiff's statutory or constitutional rights; and identify the resulting injury from each claim.

The Court encourages Mr. Schultz to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Mr. Schultz should make a telephone appointment by calling (415) 782-8982.

**IT IS SO RECOMMENDED.**

Dated: August 4, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge