IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE HARRY S. TRUMAN SCHOLARSHIP FOUNDATION,<br><br>　　　　Defendant. | Case No. 20-cv-04058-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 48 |

　　　　Before the Court is defendant Harry S. Truman Scholarship Foundation's ("Foundation") "Motion," filed October 14, 2022, "to Dismiss Third Amended Complaint" ("TAC"). On October 28, 2022, plaintiff Brendan Schultz ("Schultz") filed his "Response," to which the Foundation has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for November 18, 2022, and rules as follows.

　　　　In the TAC, Schultz alleges the Foundation violated his rights under the Fifth Amendment and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"), by discriminating against him in the review of his application for a Harry S. Truman Scholarship ("Scholarship") and in the review of his subsequent grievance. Based thereon, Schultz seeks "a permanent injunction to enroll [him] in the 2019 Truman Scholarship Program and all benefits of the program." (See TAC ¶ 59.)[1]

---

[1] Schultz also seeks damages. (See TAC ¶¶ 60-63.) On December 2, 2021, the Court, by order issued pursuant to 28 U.S.C. § 1915, dismissed Schultz's claims under both the Fifth Amendment and the APA to the extent he sought damages. (See Order

By order filed August 25, 2022, the Court granted the Foundation's motion to dismiss Schultz's Fifth Amendment and APA claims as alleged in his Second Amended Complaint, finding Schultz had failed to adequately plead standing to assert those claims. (See Order Granting in Part Def.'s Mot. to Dismiss or Transfer; Dismissing Second Am. Compl. with Leave to Amend, Dkt. No. 42.)

In the instant motion, the Foundation again argues Schultz "lacks standing to seek the injunctive relief requested." (See Def.'s Mot. at 9:10-11, Dkt. No. 48).  As set forth below, the Court agrees.[2]

The "irreducible constitutional minimum" of Article III standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (internal quotation and citation omitted).  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements," and "[w]here, as here, a case is at the pleading stage, [he] must clearly allege facts demonstrating each element."  See id. (internal quotation, alteration, and citation omitted).

The Foundation argues, as before, Schultz "has not alleged sufficient facts to show that the Court could grant him [the requested] relief."  (See Def.'s Mot. 9:13-14.)  In particular, the Foundation argues "Truman Foundation regulations are clear that '[t]he Foundation . . . does not add new Truman Scholars at the graduate level'" (see id. at 10:9-11 (citing 45 C.F.R. § 1801.30)), and Schultz "has not alleged that he has not

---

Dismissing in Part Second Am. Compl. Pursuant to 28 U.S.C. § 1915, 5-7, Dkt. No. 22.) For the reasons stated in said order, Schultz's claims for damages will again be dismissed.

[2] In light of said finding, the Court does not address herein the Foundation's argument that Schultz fails to state a claim upon which relief can be granted.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998) (holding "[w]ithout jurisdiction the court cannot proceed"; noting "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause").

already begun to attend a graduate program" (see id. at 10:11).  Additionally, the Foundation now notes "those granted a scholarship must work in public service for three of the seven years following the completion of the funded graduate education" (see id. at 12:12-13 (citing 45 C.F.R. § 1801.63(a))), and Schultz "has not alleged in his complaint that he intends work in the public sector if he were to be made a Truman Scholar," an allegation the Foundation contends "is particularly necessary given the lapse in time from [Schultz's] application" (see id. at 10:13-15).

In his response, Schultz states he "intends to attend graduate school but is not currently enrolled" and "will comply with the requirements of accepting a Truman Scholarship, including the requirement that [he] will dedicate three of the first seven years of his career after he attains a graduate degree to public service."  (See Pl.'s Resp. 2:18-23.)  The Foundation argues "[t]he Court should not permit [Schultz] leave to amend to include these allegations in a *fourth* amended complaint because [Schultz] was put on notice of the need to include such allegations in [the Foundation's] prior motion to dismiss and in the Court's order granting that motion, yet he failed to include them."  (See Def.'s Reply, 1:19-22 (emphasis in original).)  Although the Foundation is correct that Schultz was on notice, the Court, finding further amendment would not be futile, will grant Schultz one final opportunity to amend his pleading.

Accordingly, the Foundation's motion to dismiss is hereby GRANTED, and the TAC is hereby DISMISSED with leave to amend.  A Fourth Amended Complaint, if any, shall be filed no later than December 12, 2022.  Failure to do so, or failure to cure the deficiencies identified in this Order and in the Foundation's motion to dismiss, will result in dismissal of Schultz's deficient claims with prejudice.

**IT IS SO ORDERED.**

Dated: November 10, 2022

MAXINE M. CHESNEY
United States District Judge

3